IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RODNEY SMITH, #65564**                                                       **PETITIONER**

**v.**                                                                         **CIVIL NO. 1:16-cv-154-HSO-JCG**

**ROB WILLIAMS,** *et al.*                                                     **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PETITIONER'S PETITION [5]

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner Rodney Smith is a pre-trial detainee currently incarcerated in the Lamar County Jail in Purvis, Mississippi. He brings this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] The Court, having liberally construed the pleadings in consideration with the applicable law, finds that Smith's Petition should be denied and this case should be dismissed.

### I. BACKGROUND

Smith's incarceration arises from criminal charges pending against him in Pearl River County, Mississippi. Pet. [5] at 2. Smith states that in December 2014, he was an inmate of the Mississippi Department of Corrections ("MDOC"), on house arrest in Pearl River County when he cut off his electronic ankle monitor.[2] *See* Pet.

---

[1] Smith originally filed a § 1983 complaint seeking monetary damages, dismissal of his pending charges, and release from incarceration. *See Smith v. Williams*, No. 1:16-cv-84-HSO-JCG (S.D. Miss. filed Mar. 7, 2016). The Court severed Smith's habeas corpus claims from his § 1983 action and opened the present case. *See* Order [1]. Thus, the only claims before the Court are Smith's claims for habeas corpus relief.

[2] On January 30, 2015, MDOC found Smith guilty of a disciplinary infraction and removed him from house arrest. *See* Mem. in Supp. [8] at 5-7; *Smith v. Williams*, No. 1:16-cv-84-HSO-JCG, Mot. to Amend [9] at 4 (S.D. Miss. filed Mar. 7, 2016). Smith was incarcerated

[2] at 4; Pet. [5] at 6.  As a result of his actions, Smith was arrested and charged with escape.  Pet. [2] at 4.  On August 5, 2015, Smith was indicted in the Pearl River County Circuit Court for escape, in violation of Miss. Code Ann. § 97-9-49.  *See* Attach. [12-1] to Pet. [2] at 1 (Indictment).

Smith maintains that removing his ankle monitor constituted only a violation of his supervision by MDOC and was not a separate crime.  Pet. [5] at 6.  Smith claims he is being denied a speedy trial in violation of the Due Process Clause of the Fourteenth Amendment, and that his prosecution for escape violates the constitutional prohibition against double jeopardy.  *Id*. at 2, 8.  Smith also claims that he is being treated differently from other inmates who have removed their ankle monitors, in violation of the Equal Protection Clause of the Fourteenth Amendment.  *See* Attach. [11] to Pet. [2] at 3.  Smith seeks dismissal of his pending escape charges and release from incarceration.  Pet. [2] at 4-5;  Pet. [5] at 8; Mem. in  Supp. [8] at 7.

## II.  DISCUSSION

A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987).  The "purpose of the writ [filed pursuant to section 2241] is not to

---

in a MDOC prison facility until he was released on parole. *Id*.; Attach. [10-1] to Pet. [5 ] at 8 (Certificate of Parole).

examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973). Since Smith is a pre-trial petitioner challenging his incarceration based on pending criminal charges, his request for habeas corpus relief will be considered under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir 1998); *Dickerson*, 816 F.2d at 224.

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 483.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374 (1969)). The distinction is based on the type of relief requested by the petitioner. *Id.* If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is

3

attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

Smith's request for dismissal of the escape charges pending against him in Pearl River County Circuit Court is clearly an attempt to prevent the prosecution of this criminal case. In this regard, Smith is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1283. Thus, Smith is not entitled to federal habeas relief for these claims.

To the extent Smith's claims can be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *See Dickerson*, 816 F.2d at 228. In order to satisfy the exhaustion requirement, Smith must present his claims to the state's highest court in a procedurally proper manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement may only be excused in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993); *see also Dickerson*, 816 F.2d at 227 (holding that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement").

Smith states that he has retained counsel representing him against these

charges and that his trial is set for January 19, 2017.  *See* Attach. [12] to Pet. [2] at 1.  Smith fails to demonstrate that he has exhausted any of his claims with the Mississippi Supreme Court and he fails to offer any special circumstances warranting federal court intervention.  Therefore, to the extent Smith's claims can be construed as a request to force the State of Mississippi to bring him to trial, they will be dismissed as unexhausted.

### III.  CONCLUSION

The Court has considered the pleadings and applicable law.  For the reasons stated, Smith's Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that pro se Petitioner Rodney Smith's Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is **DENIED** and this case will be **DISMISSED WITHOUT PREJUDICE**.  A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED**, this the 2nd day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE